### ALBERT T. DUNHAM vs. JOHN VAN ARNUM.

A defendant will be let in to plead and defend on terms, after judgment, where it appears he made a mistake in the number of days he had to plead in, he swearing to merits.

*Motion by defendant to set aside default and subsequent proceedings.*—The defendant alleged that in consequence of the word " twenty" in the notice to plead, endorsed on the copy declaration served, being obliterated, he mistook it for " thirty," and supposed he had thirty days to plead, not being acquainted with the rules and practice of the court. It was his intention to defend the suit, being an action of assault and battery, wherein the plaintiff had executed a writ of inquiry by default, and perfected judgment for $500 damages, besides costs—had employed an attorney, who had applied to plaintiff's attorney to waive the default on payment of his taxable costs, and pleading issuably, which plaintiff's attorney declined doing on consulting his client, as he said the plaintiff was unwilling to open the default. Defendant swore to merits.

Plaintiff showed, that his attorney saw defendant a few days after judgment, and defendant told him the reason he did not plead was, that he omitted to make a memorandum of the time when the declaration was served on him; he knew he had twenty days time to plead, but thought only fifteen had expired.

J. HOLMES, *Defts Counsel.* C. E. MATHER, *Defts Atty.*
H. L. PALMER, *Plff's Counsel.* H. L. PALMER, *Plff's Atty.*

BEARDSLEY, Justice.—Granted the motion, the defendant to plead issuably in five days and pay costs of default and subsequent proceedings including $7 cost of opposing motion within ten days after retaxation on notice.